Crystal Foley (SBN 224627)
SIMMONS HANLY CONROY, LLC
100 N. Sepulveda Blvd., Suite 1350
El Segundo, CA 90245
Telephone: (310) 322-3555
Facsimile: (310) 322-3655
E-mail: cfoley@simmonsfirm.com

*Local Counsel for Plaintiffs*

(Trial Counsel Listed On Signature Page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANN MORIN, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>Personal Care Services, Inc., a California Corporation,<br><br>Defendant. | Case No.: 2:14-cv-7764<br><br>Hon.:<br><br>**COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff, JOANN MORIN, by and through her undersigned attorneys, hereby brings this Complaint against Defendant, Personal Care Services, Inc., and states as follows:

**INTRODUCTION**

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, Joann Morin, on behalf of all similarly situated persons employed by Defendant which arise from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Plaintiff also seeks to bring her claim for violations of the California Labor Code §§ 510 and 1194, the California Business & Professional Code § 17200, *et seq*., and California common law as a state-wide class action pursuant to Fed. R. Civ. P. 23.

2. Plaintiff, and those similarly situated, were subjected to Defendant's policy and practice of failing to pay the Plaintiff a minimum wage and overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek. The

U.S. Department of Labor has recognized that employees engaged in companionship services that spend "more than 20 percent of his/her time doing general household work . . . must be paid at least . . . one and one-half times the regular rate of pay for hours in excess of forty in a workweek." *See* DOL Fact Sheet #25, at 2, attached hereto as *Exhibit A*.

3. Specifically, Plaintiff complains that Defendants scheduled her to work 12 hours per day Monday through Friday– totaling roughly 60 hours per week – while only compensating her with a flat rate of $96 per day. Accordingly, Plaintiff contends that Defendant failed to pay her the overtime benefits that she and those similarly situated to her were entitled to under applicable federal and state laws. To remedy this practice, Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23.

4. The individuals that Plaintiff seeks to represent in this action are current and former Caregivers who were employed by Defendant who failed to properly compensate them with overtime pay as required under applicable federal and state laws.

5. Plaintiff seeks a declaration that her rights, and the rights of the Class, were violated, an award of unpaid wages, an award of liquidated damages, injunctive and declaratory relief, and award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendant to such illegal conduct in the future.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims arise from a common set of operative facts and are so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b-d) because Defendants reside within this District, conducts substantial business within this District, and because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

9. Plaintiff, Joann Morin, is an individual who resides in Bakersfield, California. Morin began working for Defendants as a Caregiver in August, 2013 and continues to work for them. She has executed her consent to sue form which is attached hereto as *Exhibit B*.

10. Plaintiff, and those similarly situated, are current and/or former Caregivers who were employed by Defendant to provide domestic services which includes but is not limited to: meal preparation and service; cleaning the kitchen and other rooms; cleaning the oven; shopping for groceries and other items; making beds; washing clothes; washing dishes; mopping/vacuuming floors; dusting; taking out the trash; cleaning common areas; errands outside of the home; medical and other appointments; personal hygiene care; facilitating opportunities to exercise; medication reminders; and encouraging social and mentally-stimulating activities.

11. Defendant Personal Care Services, Inc., is an independently owned and operated Home Instead Senior Care franchise with its primary place of business located at 200 Oceangate, Suite 850, Long Beach, California 90802-4335.

12. Plaintiff is informed and believes, and alleges thereon, that at all relevant times, the Defendant is responsible for the circumstances alleged herein, and proximately caused Plaintiff and those members of the general public and Class similarly situated, to be subject to the fraudulent, unlawful, unfair, and deceptive acts and practices complained of herein.

13. At all times herein mentioned, Defendant approved of, condoned and/or otherwise ratified each and every one of the acts or omissions complained of herein.

14. During all relevant times, Defendant was an "employer" and Plaintiff and the Class similarly situated were or are "employees" as defined under the FLSA.

## GENERAL ALLEGATIONS

15. Plaintiff was employed by Defendant as a Caregiver. Defendant's Caregiver job duties included working 12 hours a day, Monday through Friday providing non-medical companion services to a senior citizen as assigned by Defendant.

16. In addition to her non-medical companion services, Plaintiff was also required to perform non-exempt general household duties that comprised more than 20% of her workweek, including, but not limited to, cleaning the kitchen and other rooms; cleaning the oven; making beds; washing clothes; washing dishes; mopping/vacuuming floors; dusting; taking out the trash; cleaning common areas; etc.

17. Defendant employed uniform pay practices whereby each Caregiver is paid a flat rate $96 per 12 hour shift.

18. Plaintiff, throughout the course of her employment, was directed by Defendant to work in excess of forty (40) hours per week.

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b) on her own behalf and on behalf of:

> All current and former Caregivers of Personal Care Services, Inc.'s, Home Instead Franchise who worked over 8 hours per workday or 40 hours per workweek, and were not paid a minimum wage or overtime for hours worked over 40 in a workweek or hours worked over 8 in a workday.

20. Plaintiff does not bring this action on behalf of any executive, administrative, or professional employees exempt from coverage under the FLSA.

21. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the repossession agents described are "similarly situated" to Plaintiff. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or

plan; and (c) their claims are based upon the same legal theories.

22. Plaintiff estimates that the collective Class, including both current and former Caregivers over the relevant period, will include more than 30 members. The precise number of collective Class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

23. Plaintiff's and the Class' entitlement to a minimum wage and overtime pay, except for amount, is identical and depends on one uniform factual question: did Defendants fail to pay their Caregivers minimum wage and overtime as required by the FLSA.

24. Plaintiff shares the same interests as the Class in that the outcome of this action will determine whether they were properly compensated under the FLSA. Because the facts in this case are similar, if not altogether identical, the factual assessment and legal standards lend themselves to a collective action.

## **CLASS ACTION ALLEGATIONS**

25. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23 on behalf of a putative Class defined to include:

> All current and former Caregivers of Personal Care Services, Inc.'s, Home Instead Franchise, within the state of California, who worked over 8 hours per workday or 40 hours per workweek, and were not paid a minimum wage or overtime for hours worked over 40 in a workweek or hours worked over 8 in a workday.

Plaintiff reserves the right to amend the putative class definition as necessary.

26. Plaintiff shares the same interests as the putative Class and will be entitled under California state law to unpaid minimum wages and overtime compensation, attorneys' fees, and costs and lost interest owed to them under nearly identical factual and legal standards as the remainder of the putative class.

27. *Numerosity*: The putative Class meets the numerosity requirement of Rule 23(a)(1) because, during the relevant period, Defendant employed numerous of people in multiple locations

throughout California who were all subjected to performing as Caregivers without being paid a minimum wage or overtime pay. The precise number of class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the putative class members.

28. *Commonality/Predominance*: The putative class meets the commonality requirement of Rule 23(a)(2) because, during the relevant period, Defendant engaged in a common course of conduct that violated the legal rights of Plaintiff and the Class. Any individual questions that Plaintiff's claims present will be far less central to this litigation than the numerous material questions of law and fact common to the Class, including but not limited to:

a. Whether Defendant maintained common policies or practices that required their employees to perform repossession services;

b. Whether California state law requires Defendant to pay a minimum wage and overtime wages to Plaintiff and the putative class members who provided Caregiver service to Defendant's clients; and

c. Whether Defendant should be required to pay compensatory damages, attorneys' fees, and costs and interest for violating California state law.

29. The status of all individuals similarly situated to Plaintiff raises an identical legal question: whether Defendant's Caregivers are owed a minimum wage, overtime, and record-keeping obligations by Defendants under California state law.

30. *Typicality*: The putative class meets the typicality requirement of Rule 23(a)(3) because Plaintiff and the putative class members were all employed by Defendant without receiving a minimum wage or overtime wages owed for that work.

31. *Adequacy*: The Class meets the fair and adequate protection requirement of Rule 23(a)(4) because there is no apparent conflict of interest between Plaintiff and the putative class members, and because Plaintiff's attorneys have successfully prosecuted many complex class actions, including wage and hour class and collective actions, and will adequately represent the interests of Plaintiff and the putative class members.

32. The putative class meets the predominance requirement of Rule 23(b)(3), because issues common to the Class predominate over any questions affecting only individual members, including but not limited to: whether Defendant properly compensated its Caregivers under California Law.

33. *Superiority*: The Class meets the superiority requirement of Rule 23(b)(3) because allowing the parties to resolve this controversy through a class action would permit a large number of similarly-situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender.

34. Given the material similarity of the Class members' claims, even if each Class member could afford to litigate a separate claim, this Court should not countenance or require the filing of multiple identical actions. Individual litigation of the legal and factual issues raised by Defendant's conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action would permit the efficient supervision of the putative class' claims, create significant economies of scale for the Court and the parties and result in a binding, uniform adjudication on all issues.

35. This class action can be efficiently and effectively managed by sending the same FLSA opt-in notice to all employees similarly situated and adding for the California Caregiver within that group a separate opt-out notice pertaining to their rights under the California state law.

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*.**

**FAILURE TO PAY MINIMUM WAGE**

36. Plaintiff re-alleges and incorporates all previous paragraphs herein.

37. 29 U.S.C. § 206 requires that Defendant pay all employees minimum wages for all hours worked. 29 U.S.C. § 206(a) provides in pertinent part: Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for

commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

**(1)** except as otherwise provided in this section, not less than--

**(A)** $5.85 an hour, beginning on the 60th day after May 25, 2007;

**(B)** $6.55 an hour, beginning 12 months after that 60th day; and

**(C)** $7.25 an hour, beginning 24 months after that 60th day;

38. Prior to 2007, 29 U.S.C. 206(a)(1) read: "except as otherwise provided in this section, not less than $4.25 an hour during the period ending on September 30, 1996, not less than $4.75 an hour during the year beginning on October 1, 1996, and not less than $5.15 an hour beginning September 1, 1997".

39. The FLSA, 29 U.S.C. § 207(a), provides in pertinent part: " . . . no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed."

40. Defendant failed to pay Plaintiff the minimum wages set forth in 29 U.S.C. § 206 and/or overtime wages set forth in § 207.

41. Defendant failed to pay Plaintiff her minimum wage throughout the relevant time period because it required him to work 12 hours a day, five days a week.

42. Plaintiff is entitled to the full statutory minimum wages set forth in 29 U.S.C. § 206 and/or overtime wages set forth in § 207 for all periods in which they worked for Defendants, along with all applicable penalties, liquidated damages, and other relief.

43. Defendant's conduct in paying its Caregiver a flat rate per shift was intentional and willful and done to avoid paying minimum wages and the other benefits that they were legally entitled to.

44. The FLSA provides that a private civil action may be brought for the payment of federal minimum wages and for an equal amount in liquidated damages in any court of competent jurisdiction by an employee pursuant to 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). Moreover, Plaintiff may recover attorneys' fees and costs incurred in enforcing their rights pursuant to 29 U.S.C. § 216(b).

45. 12 U.S.C. § 211(c) provides in pertinent part:

> (c) Records
> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

46. 29 C.F.R.§ 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

47. 29 U.S.C. § 215(a)(5) provides in pertinent part:

> [I]t shall be unlawful for any person — (5) to violate any of the provisions of section 211(c) of this title…

48. To the extent Defendant failed to maintain all records required by the aforementioned statutes and regulations, and failed to furnish Plaintiff comprehensive statements showing the hours that she worked during the relevant time period, they also violated the aforementioned laws causing Plaintiff damage.

49. When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187,

1192 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

50. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id.*

51. None of the provisions of the FLSA can be contravened, set aside abrogated, or waived by Plaintiff or the Class.

52. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her minimum wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

**COUNT II**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.***

**FAILURE TO PAY OVERTIME WAGES**

53. Plaintiff re-alleges and incorporates all previous paragraphs herein.

54. The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

55. Defendant violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

56. At all relevant times, Defendants suffered, permitted, and/or required Plaintiff to perform general household duties for more than 20% of her workweek without paying her overtime pay as required by the FLSA.

57. Upon information and belief, Defendant has corporate policies of evading overtime pay for its hourly workers.

58. Defendant's violations of the FLSA were knowing and willful.

59. By failing to compensate its hourly workers at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated the FLSA, 29 U.S.C. § 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a). All similarly situated Caregivers are victims of a uniform and company-wide enterprise which operates to compensate employees at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all repossession agents who have worked or are working for Defendant in the same or similar position as Plaintiff.

60. None of the provisions of the FLSA can be contravened, set aside abrogated, or waived by Plaintiff or the Class.

61. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

**COUNT III**

**VIOLATION OF THE CALIFORNIA LABOR CODE §§ 510 and 1194**

**FAILURE TO PAY MINIMUM WAGE AND OVERTIME**

62. Plaintiff re-alleges and incorporates all previous paragraphs herein.

63. At relevant times, in addition to the FLSA, Defendant was required to compensate Plaintiff and all Class members at a minimum wage and at one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

64. At all relevant times, Defendants suffered, permitted, and/or required Plaintiff and all Class members to work in excess of eight hours per day and/or forty hours per week without being paid a minimum wage or overtime pay as required by California law.As a result of the unlawful acts of Defendants, Plaintiff and all Class members were deprived of their rightfully earned minimum wages and overtime pay in amounts to be determined at trial.

65. Defendants' conduct violated California Labor Code §§ 510 and 1194. Therefore, pursuant to California Labor Code § 1194, Plaintiff and all putative class members are entitled to recover damages for the nonpayment of minimum wage and overtime pay for all hours worked in excess of eight (8) hours per day or forty (40) hours per week, interest on that amount pursuant to California Labor Code § 218.6, plus reasonable attorneys' fees and litigation costs.

66. None of the provisions of the California Labor Code can be contravened, set aside abrogated, or waived by Plaintiff or the Class.

67. As a result of the foregoing conduct, Plaintiff seeks on behalf of herself and all members of the Class unpaid minimum wages at the required legal rate for all of their working hours during the relevant time period; all other damages; attorneys' fees and costs; restitution; penalties; injunctive relief; interest calculated at the highest legal rate; and all other relief allowed by law, including applicable attorneys' fees and costs.

**COUNT IV**

**VIOLATION OF BUS. & PROF. CODE § 17200, *et seq.***

68. Plaintiff re-alleges and incorporates all previous paragraphs herein.

69. Plaintiff brings this action individually, on behalf of the Class, and on behalf of the general public pursuant to § 17200 *et seq*. of the California Business and Professions Code (the "Cal. Bus. & Prof. Code"), and the Unfair Competition Act (the "UCL").

70. California Business and Professions Code §1 7204 prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice." On behalf of the Class, Plaintiff seeks compensation for the loss of their property and the personal financial impacts they

have suffered as a result of Defendants' unfair business practices. Defendants' conduct, as described above, has been and continues to be deleterious to the Class and Plaintiff are seeking to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

71. The conduct of Defendant, as described above, constituted unlawful, unfair, unconscionable, and/or fraudulent business acts or practices which injured the Class members and caused them loss of money.

72. The unlawful, unfair, unconscionable, and/or fraudulent business acts or practices adopted by Defendant, which injured the Class members and caused them loss of money, was conducted by Defendant in material part in the state of California and emanated to their business operations in other states. Class members, therefore, were harmed and injured as a result of Defendant's conduct in California.

73. Defendant adopted unlawful business and employment policies, entered into agreements and conspired amongst themselves to engage in the above-described unlawful, unfair, unconscionable, and/or fraudulent business acts and practices nationwide, and that conduct harmed class members and caused them injury and financial loss. As such, the UCL applies to all such transactions and dealings. All members of the Class have standing to assert UCL claims against Defendant.

74. Defendant has engaged and continues to engage in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above, inclusive, to wit, by: (a) failing to pay to Plaintiff and the Class minimum wages and overtime compensation pursuant to California Labor Code §§ 510 and 1194; and (b) failing to pay to Plaintiff and the Class minimum wages and overtime compensation pursuant to the FLSA.

75. By failing to pay its employees a minimum wage and overtime in violation of FLSA and the California Labor Code, Defendants violated the UCL.

76. Violations of the FLSA are unlawful acts which are independently actionable under the UCL. *Wang v. Chinese Daily News* (9th Cir. 08-56740 9/27/10); *In re Wells Fargo Home Mortgage Litig.*, 527 F. Supp. 2d 1053, 1066-69 (N.D. Cal. 2007). Such cases are certifiable as nationwide class actions under Fed. R. Civ. P. 23 where the unlawful, unfair, unconscionable, and/or fraudulent business acts or practices, which injured the Class, were conducted by Defendant in material part in the state of California, and emanated to their business operations in other states. *Id.*

77. By failing to maintain employment records under the FLSA and/or other applicable wage and hour laws, Defendant engaged in unlawful, unfair, unconscionable, and/or fraudulent business acts or practices in violation of the UCL.

78. The acts complained of herein, and each of them, constitute unfair, unlawful, unconscionable, and/or fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq*. Defendant's acts and practices described herein offend established public policies, including, but not limited to those set forth in the FLSA and/or other applicable wage and hour laws, and involve business practices that are immoral, unethical, oppressive, and/or unscrupulous.

79. The unfair business practices set forth above have and continue to injure the Class and the general public and cause injury and the loss of money, as described further within. These violations have unjustly enriched the Defendant's at the expense of the Class. As a result, Plaintiff, the Class, and the general public are entitled to restitution and an injunction.

80. Plaintiff seeks, on her own behalf, on behalf of other members of the Class similarly situated, and on behalf of the general public, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

81. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

82. Plaintiff is informed and believes and on that basis allege that at all times herein mentioned Defendant has engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 *et seq.*, including those set forth herein above thereby depriving Plaintiff and other members of the general public the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

83. The conduct of Defendant and its agents, employees, managerial employees as described herein was oppressive, fraudulent, malicious, and done in conscious disregard of Plaintiff's and Class members' rights.

84. Such a pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action for the unpaid balance of the full amount of wages owing, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code.

85. Such a pattern, practice, and uniform administration of an unlawful, deceptive, and unfair business practice as described herein creates an entitlement to recovery by Plaintiff and the Class in a civil action for damages and wages owed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff request the following relief:

A. Certifying this case as a collective action in accordance with 29 U.S.C. 216(b) with respect to the FLSA claims set forth above;

B. Certifying the California State Law Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated

individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

D. Designating the Named-Plaintiff to act as the Class Representative on behalf of all similarly situated individuals for both the FLSA and California State Law Classes;

E. Declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

F. Declaring that Defendant violated their obligations under the FLSA;

G. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid minimum wages and overtime pay calculated at the rate of one and one-half (1.5) of Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of forty (40) hours per week for the past four years;

H. Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid minimum wages and overtime found owing to Plaintiff;

I. Awarding appropriate restitution in an amount to be proven at trial for Defendants' violation of Section 17200 of the UCL;

J. Awarding actual and statutory damages for Defendants' violation of the California Labor Code;

K. Awarding reasonable attorney fees and costs incurred by Plaintiff in filing this action;

L. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

M. Such further relief as this court deems appropriate.

## **<u>JURY DEMAND</u>**

NOW COME Plaintiff, Joann Morin, by and through his Attorneys, and hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Respectfully Submitted,

Dated: October 7, 2014 By: /s/ Crystal Foley

Crystal Foley (SBN 224627)
SIMMONS HANLY CONROY, LLC
100 N. Sepulveda Blvd., Suite 1350
El Segundo, CA 90245
Telephone: (310) 322-3555
Facsimile: (310) 322-3655
E-mail: cfoley@simmonsfirm.com

*Local Counsel for Plaintiffs*

David H. Grounds (MN Bar No. 285742)
Jacob R. Rusch (MN Bar No. 391892)
JOHNSON BECKER, PLLC
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
Telephone: (612) 436-1800
Facsimile: (612) 436-1801
E-mail: dgrounds@johnsonbecker.com
E-mail: jrusch@johnsonbecker.com

Jason J. Thompson (MI Bar No. P47184)
Jesse L. Young (MI Bar No. P72614)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
Telephone: (248) 355-0300
E-mail: jthompson@sommerspc.com
E-mail: jyoung@sommerspc.com

*Trial Counsel for Plaintiffs*